IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEL GARNER,                          :        CIVIL ACTION
                                     :        NO. 14-7007
            Plaintiff,               :
                                     :
      v.                             :
                                     :
NANCY BERRYHILL, ACTING              :
COMMISSIONER OF SOCIAL SECURITY,     :
                                     :
            Defendant.               :

**O R D E R**

**AND NOW**, this **13th** day of **June, 2017,** it is hereby

**ORDERED** that:

(1)  Plaintiff's objections (ECF No. 16) are

**OVERRULED;**[1]

---

[1]      The Court has carefully considered Plaintiff's
objections to Magistrate Judge Elizabeth T. Hey's Report and
Recommendation ("R&R") and the Commissioner's response to the
objections. There is no need to repeat the history or facts of
this case as Judge Hey's R&R has adequately relayed that
information.

        The Court concludes that Judge Hey has correctly and
adequately addressed Plaintiff's arguments, and, thus, adopts
her R&R. Nonetheless, reviewing the issues raised in Plaintiff's
objections de novo, Cont'l Cas. Co. v. Dominick D'Andrea, Inc.,
150 F.3d 245, 250 (3d Cir. 1998), the Court further concludes
that:

        a.   the ALJ's decision to find Plaintiff's hepatitis
C and obesity non-severe was supported by substantial evidence.
Plaintiff has not pointed to any evidence indicating that
hepatitis significantly impacted his ability to do basic work
activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Moreover, as
described by Judge Hey, the ALJ's analysis concerning

Plaintiff's obesity was adequate in that Plaintiff did not list obesity as a factor limiting his ability to work and the ALJ properly relied on the opinions of physicians who were familiar with Plaintiff's obesity. Rutherford v. Barnhart, 399 F.3d 546, 551-53 (3d Cir. 2005); R&R at 21-23 (ECF No. 15).

    b.    The ALJ's conclusion that Plaintiff's spine impairment did not meet or equal Listing 1.04a was supported by substantial evidence. As noted by Judge Hey, Listing 1.04a requires evidence of nerve root compression, which Plaintiff did not produce. 20 C.F.R. Pt. 404, Subpt. P, App.1, 1.04a; R&R at 23-25.

    c.    The ALJ's decision to give the opinion of Dr. Ciriaco no weight because it was inconsistent with his own notes as well as the totality of the longitudinal medical record was supported by substantial evidence. The severe limitations described on Dr. Ciriaco's August 2010 check-box Medical Source Statement, (Tr. 808-10), were inconsistent with, inter alia, his own treatment notes, the objective findings in the record, the opinions of other physicians, and Plaintiff's own reports. See R&R at 27-29. Moreover, contrary to Plaintiff's new argument, the ALJ was not required to re-contact Dr. Ciriaco in order for him to clarify his opinion. See 20 C.F.R. §§ 404.1520b(b), 416.920b(b).

    d.    The ALJ's credibility assessment of Plaintiff's testimony was supported by substantial evidence. The ALJ carefully documented his reasoning and, contrary to Plaintiff's assertion, correctly considered Plaintiff's ability to perform daily activities when making this assessment. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); see the ALJ's decision (Tr. 31-33).

    The Court also rejects Plaintiff's new argument that the ALJ erroneously relied on his "non-compliance" with treatment as a reason to discount the credibility of his testimony. The ALJ noted, as a small portion of his overall analysis, that Plaintiff declined, in the middle of the injection procedure, a cortisone injection and, on another occasion, refused to wait in the emergency room for x-rays to be taken after having been given methadone. (Tr. 32, 33). This is clearly not a situation where a claimant's failure to take prescribed psychiatric medication could be a symptom of his or

her psychological disorder, rather than an indication that the disorder is not serious. Thus, cases cited to by Plaintiff wherein the ALJ erroneously relied on non-compliance as an indicator of a lack of credibility are not pertinent. See, e.g. Hennion v. Colvin, No. 13-CV-00268, 2015 WL 877784, at *24 (M.D. Pa. Mar. 2, 2015).

e.    The ALJ met the Agency's burden of showing that Plaintiff could perform other work existing in the national economy. Plaintiff raises four arguments to the contrary which the Court finds unavailing:

The Court agrees with Judge Hey's assessment that the ALJ's description of the sit/stand option in the hypothetical relayed to the VE was not too vague to allow the VE to determine the erosion of the occupational base. See R&R at 37-38; (Tr. 130-32).

Plaintiff is incorrect that he should have been found disabled under the Grids. His argument relies on a conclusion that he was limited to sedentary work. In that the ALJ's RFC for limited light work was supported by substantial evidence, Plaintiff is not eligible to "Grid out." See R&R at 40.

The ALJ did not err in finding that Plaintiff could perform a range of light work that required no more than rare stooping, despite the fact that SSR 83-10 indicates that light work requires occasional stooping. As noted by Judge Hey, SSR 83-10 concerns the application of the Grids, which the ALJ did not apply in this case. Instead, the ALJ correctly relied on the testimony of the VE and included in his hypothetical that any light work must require no more than rare stooping. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987) (providing that a VE's testimony constitutes substantial evidence if the hypothetical reflects all of the claimant's impairments).

Finally, as described by Judge Hey, the ALJ did not err in concluding that Plaintiff's moderate difficulties in maintaining concentration, persistence and pace were adequately compensated for in the RFC by limiting Plaintiff to simple, routine tasks involving no more than simple, short instructions and simple work-related decisions with few workplace changes,

(2) The Court **APPROVES** and **ADOPTS** Magistrate Judge

Elizabeth T. Hey's Report and Recommendation (ECF No. 15);

(3) Plaintiff's request for review (ECF No. 11) is

**DENIED**;

(4) The Clerk of Court shall mark this case as

**CLOSED**.


**AND IT IS SO ORDERED.**



 **/s/ Eduardo C. Robreno**
 **EDUARDO C. ROBRENO,    J.**

---

and only occasional interaction with the general public and
coworkers. Unlike when an ALJ finds a plaintiff "often" has such
difficulties, a finding of "moderate" difficulties in these
areas is adequately addressed by these RFC limitations. See
McDonald v. Astrue, 293 F. App'x 941, 946 n.10 (3d Cir. 2008);
R&R (ECF No. 15 at 40-42).